IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| | ) | 2:11-cr-234 |
| v. | ) | |
| | ) | |
| JAMES LIGNELLI, | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER OF COURT

Pending now before the Court are numerous pretrial motions filed by Defendant James Lignelli: MOTION FOR SEVERANCE OF COUNTS PURSUANT TO RULE 8(a) AND RULE 14(a) OF THE FEDERAL RULES OF CRIMINAL PROCEDURE (Document No. 31), with brief in support; MOTION FOR BILL OF PARTICULARS PURSUANT TO RULE 7(f) OF THE RULES OF CRIMINAL PROCEDURE (Document No. 33), with brief in support; MOTION TO SUPPRESS TAPES ALLEGING IMPROPERLY INDUCED CONSENT (Document No. 35), with brief in support; MOTION TO SUPPRESS STATEMENT (Document No. 37), with brief in support; MOTION FOR DISCOVERY (Document No. 39); MOTION REQUESTING NOTICE PURSUANT TO RULE 404(b) OF THE FEDERAL RULES OF EVIDENCE (Document No. 40); MOTION TO COMPEL DISCLOSURE OF PLEA BARGAINS PREFERENTIAL TREATMENT, AND PROMISES TO GOVERNMENT WITNESSES WITH CITATION OF AUTHORITIES (Document No. 41); and MOTION FOR EARLY DISCLOSURE OF ALL JENCKS ACT MATERIAL AND LAW IN SUPPORT THEREOF (Document No. 42). The government filed an omnibus response to the motions. On February 15, 2013 (over the opposition of the government), the Court conducted an evidentiary hearing regarding the motions to suppress evidence. The Court also entertained oral argument

on the remaining motions. Defendant requested an opportunity to file a post-hearing brief, which the Court permitted. Counsel for Defendant filed two supplemental briefs on February 25, 2013. The motions are now ripe for disposition.

Factual and Procedural Background

Lignelli is a professional real estate appraiser. On October 25, 2011, a federal grand jury returned a five-count indictment which charges Lignelli as follows: Count 1, Conspiracy to commit bank fraud from February-April 2005, with Michael Pope, Tiffany Sprouts and others, by preparing a fraudulent appraisal for the "Sugar Camp Property," in violation of 18 U.S.C. § 1349; Counts 2 and 3, Bank Fraud on Bank of America and JP Morgan Chase, respectively, resulting from the appraisal for the "Sugar Camp Property," in violation of 18 U.S.C. § 1344(1) and (2); Count 4, Bank Fraud on S&T Bank from April-August 2005, with Michael Staaf and others, by preparing a fraudulent appraisal for the "Perry Highway Property," in violation of 18 U.S.C. § 1344(1) and (2); and Count 5, Conspiracy to commit bank fraud from July 2008-December 2009, with Michael Staaf and others, by preparing a fraudulent appraisal for the "Brodhead Road Property," in violation of 18 U.S.C. § 1349.

Motion for Severance

Defendant seeks to sever Counts 1-3, which involve his interactions with Pope as to an appraisal of a residential property, from Counts 4-5, which involve his interactions with Staaf as to appraisals of two separate commercial properties. Defendant contends that there is no temporal nor logical overlap of the charges such that joinder is improper under Fed. R. Crim. P. 8(a). In the alternative, Defendant contends severance is appropriate under Fed. R. Crim. P.

14(a) because a combined trial of the charges would be unfairly prejudicial and would allow the government to "infect the jury's independent reasoning on each count with evidence of the others."

The government maintains that joinder is proper pursuant to Fed. R. Crim. P. 8(a) because all of the charged offenses are "of the same or similar character" (i.e., preparation of fraudulent real estate appraisals). The government opposes severance and contends that any potential prejudice can be mitigated by appropriate cautionary jury instructions regarding the necessity to independently analyze each count. The government further contends that severance would result in a substantial duplication of effort because it will be necessary to educate each jury about the mortgage lending process, appraisal process, different mortgage products, etc. Moreover, its agents would be required to testify duplicatively about their interviews with Lignelli, because the interviews covered appraisals Lignelli had performed for both Pope and Staaf.

Joinder of the charges in a single indictment was appropriate pursuant to Fed. R. Crim. P. 8(a) because all of the offenses are "of the same or similar character" (i.e., preparation of fraudulent appraisals). The Court recognizes that it has discretion under Fed. R. Crim. P. 14(a) to "order separate trials of counts . . . or provide any other relief that justice requires." However, after due deliberation, the Court concludes that separate trials are not needed to prevent prejudice to Lignelli in this case. The Court is confident that the jury can be properly instructed to consider each count independently.

In accordance with the foregoing, MOTION FOR SEVERANCE OF COUNTS PURSUANT TO RULE 8(a) AND RULE 14(a) OF THE FEDERAL RULES OF CRIMINAL PROCEDURE (Document No. 31) will be **DENIED**.

Motion for Bill of Particulars

Counsel for Defendant concedes that the level of detail provided in the indictment in this case is superior to that in a "typical drug conspiracy" case, and that the government has also provided expert reports which detail the alleged fraud. Nevertheless, counsel contends that the many boxes of files which have been provided are unhelpful without a more thorough disclosure by the government of all of the incidents and aspects of the alleged fraud. Specifically, Defendant seeks further information regarding paragraphs 8, 18, 20, 36-38, 43 and 44 of the Indictment, to avoid a potential surprise at trial. The government contends that Defendant is not entitled to a more-detailed disclosure.

The Court has discretion pursuant to Fed. R. Crim. P. 7(f) to order the government to file a bill of particulars. The test is whether the government's failure to provide factual or legal information "significantly impairs the defendant's ability to prepare his defense or is likely to lead to prejudicial surprise at trial." *United States v. Rosa*, 891 F.2d 1063, 1066 (3d Cir. 1989). As defense counsel recognizes, discovery in a criminal case is significantly different from civil litigation. *See* Fed. R. Crim. P. 16. The Court concludes that the government has provided adequate information such that Defendant is not significantly impaired in his ability to prepare his defense and is not likely to suffer prejudicial surprise at trial.

In accordance with the foregoing, the MOTION FOR BILL OF PARTICULARS PURSUANT TO RULE 7(f) OF THE RULES OF CRIMINAL PROCEDURE (Document No. 33) will be **DENIED**.

Motion to Suppress Taped Calls

Lignelli seeks to suppress taped recordings of his conversations with cooperating witnesses. At the hearing, Postal Inspector Ken Wiloch testified that the tapes had been made with the consent of the cooperating witnesses. Lignelli recognizes that pursuant to 18 U.S.C. § 2511(2)(c), it is not unlawful to intercept a communication where <u>one</u> of the parties has given prior consent to such interception. Defense counsel argues, however, that the government must establish consent through the testimony of the actual cooperating witness, rather than through an agent.

In *United States v. Bevans*, 728 F. Supp. 340, 349 (E.D. Pa. 1990), the Court rejected this argument and explained (citations omitted):

> Whether a person's consent to the recording of a telephone conversation is voluntarily conferred or instead the product of a will overborne by duress or coercion is a question of fact to be ascertained from all the circumstances. This test in no way entails an unyielding requirement that the person who allegedly consented to police intrusion testify. As Judge Friendly stated in *United States v. Bonanno*, 487 F.2d 654, 659 (2d Cir.1973), to prove the voluntariness of consent, there simply "is no rule requiring the production of the best witness."

Indeed, defense counsel acknowledges this rule. *See* Supplemental Brief at 3 n.2. In the alternative, Defendant contends that the evidence presented by the government of voluntary consent was weak. However, Defendant provided absolutely <u>no</u> evidence of a lack of voluntary consent. The Court finds that the cooperating witnesses consented to the recording of the taped conversations based on the agent's uncontroverted testimony, and therefore, that they were within the parameters of the law. The Court presumes that the cooperating witnesses will testify at trial.

In accordance with the foregoing, the MOTION TO SUPPRESS TAPES ALLEGING IMPROPERLY INDUCED CONSENT (Document No. 35) will be **DENIED**.

Motion to Suppress Interview Statements

Lignelli also seeks to suppress statements he made during interviews with law enforcement agents. He contends that the agents acted in bad faith by duping him into believing that he was serving as an expert witness *for* the government. In essence, Lignelli contends that the agents' use of fraud, deceit and trickery rendered his statements involuntary and coerced, such that use of his statements would violate the Fifth Amendment.

The assistant United States attorney ("AUSA") contended that lies and deception by government agents to get a person to talk are permissible – apparently without limit. He argued "So what?" if they lied. Indeed, the AUSA argued that an evidentiary hearing was not necessary because it did not matter what the agents may have done. The Court cannot agree with the breadth of the government's position. The conduct of government agents may become so deceptive or outrageous that the induced statements will not be "voluntary" and the Court has a duty to consider the totality of the circumstances. *See, e.g., United States v. Jacobs*, 431 F.3d 99, 109 (3d Cir. 2005) (promise by agent may qualify as coercion under totality of circumstances); *United States v. Walton*, 10 F.3d 1024 (3d Cir. 1993) (suppressing statements where agent had promised that they would be "off the cuff"). Thus, an evidentiary hearing was necessary and appropriate.

Nevertheless, suppression of the evidence is not warranted under the facts and circumstances of this case. The motion and argument of defense counsel overstate the actual evidence of record. Lignelli appears to be an intelligent, well-educated, mature, professional

adult. The first interview at issue occurred on February 3, 2010, when FBI Special Agent Henry Waldheim and Postal Inspector Wiloch met with Lignelli in the kitchen of his home.[1] At the time, Lignelli was a target of a mortgage fraud investigation, but had not yet been charged and was not in custody. The agents employed a "soft shoe" approach with the hope of getting Lignelli to talk. The agents told Lignelli that they were interested in learning more about the commercial real estate appraisal industry and experts in that field. The agents asked questions about the appraisal Lignelli had done for Pope on the Sugarcamp Property and also about appraisals Lignelli had performed for Staaf and Jay Burger (both of whom had previously been prosecuted). The agents asked Lignelli for his opinion about other appraisers and about the legality of practices in which they knew he had engaged. At the end of the interview, Waldheim handed Lignelli a grand jury subpoena to obtain records from his business, Diversified Evaluation Company. At no time did the agents tell Lignelli that he was not a target or that he would be hired as an expert on behalf of the government. They did not negotiate expert witness fees, submit a formal engagement letter, or promise that Lignelli's statements would be kept confidential. Indeed, agent Waldheim testified, credibly, that he disagreed with the theory of defense counsel, i.e., that there was no plan to make Lignelli think that he was an expert witness. Thus, *United States v. Conley*, 859 F. Supp. 830, 836 (W.D.Pa.1994) (suppressing non-custodial, friendly, information-gathering interview because agents represented it was "off the record" and that interviewee was not a target), and *Walton*, 10 F.3d at 1024, are distinguishable. Indeed, there was no evidence that Waldheim or Wiloch lied to Lignelli at all. At most, they used a ruse of friendliness to encourage Lignelli to share information.

---

[1] Agents had previously contacted Lignelli in 2006, in the course of their prosecution of Pope.

Approximately twenty months later, on October 24, 2011, Wiloch and Postal Inspector Tammy Thornhill interviewed Lignelli again at his home. This interview was recorded and a rough transcript was submitted into the record. There is no evidence that the agents misled Lignelli into believing that he was a government expert witness, promised to keep his statements confidential or lied to him in any way. The conduct of the agents with Lignelli was appropriate and did not cross the line of improper coercion. The Court finds that Lignelli made the statements voluntarily, and therefore, suppression of the statements is not warranted.

In accordance with the foregoing, the MOTION TO SUPPRESS STATEMENT (Document No. 37) will be **DENIED**.

Motion for Discovery

Defendant seeks the following: (1) rough notes of the agents regarding the interviews with Lignelli; (2) a copy of the recorded statements of Lignelli; (3) statements of co-conspirators; (4) his criminal record; (5) identification and inspection of the documents that the government will actually use at trial; (6) copies of reports and tests; and (7) summaries of expert reports and CV's of expert witnesses.

The government states, in response to each item: (1) rough notes will be provided; (2) the actual recording was provided over a year ago, and another copy will be provided if necessary; (3) it has provided a recording of Michael Staaf, but Defendant is not entitled to other statements at this time; (4) Lignelli does not have a criminal record; (5) the government has provided the documentary evidence, and is not required to specifically identify its trial documents at this time; (6) it has provided four expert review appraisal reports related to properties appraised by

Lignelli; and (7) the expert review appraisal reports provide the summaries of the expert opinions and the qualifications of the experts.

The Court cannot compel the government to make further disclosures of cooperating witnesses or trial documents at this time pursuant to Fed. R. Crim. P. 16. However, the Court encourages the government to provide such information to the defense as soon as possible, in order to expedite the resolution of this matter. The government does not object to the other items requested by Defendant.

In accordance with the foregoing, the MOTION FOR DISCOVERY (Document No. 39) will be **GRANTED IN PART AND DENIED IN PART**.

Rule 404(b) Evidence

Defendant seeks notice of any evidence of crimes, wrongs or other bad acts which the government intends to offer at trial. The government, in response, has disclosed that it intends to admit evidence of an allegedly fraudulent appraisal for a property at 1505 Scenery Ridge Drive. The government further represents that it has not yet identified other such evidence, but that it will provide Defendant with reasonable notice.

In accordance with the representations of the government, the MOTION REQUESTING NOTICE PURSUANT TO RULE 404(b) OF THE FEDERAL RULES OF EVIDENCE (Document No. 40) will be **GRANTED**.

Plea Bargains

Defendant seeks disclosure of all cooperating witnesses, and details regarding the nature of their respective bargains with the government. The government represents that it is aware of

its obligation to provide such information, and that it will be provided at the same time as the Jencks Act materials, approximately two weeks prior to trial.

In accordance with the foregoing, the MOTION TO COMPEL DISCLOSURE OF PLEA BARGAINS PREFERENTIAL TREATMENT, AND PROMISES TO GOVERNMENT WITNESSES WITH CITATION OF AUTHORITIES (Document No. 41), will be **GRANTED**.

Jencks Act Materials

Defendant asks the Court to compel the government to provide Jencks Act materials not less than two weeks prior to trial. The government does not object to providing Jencks Act materials two weeks prior to trial.

In accordance with the foregoing, the MOTION FOR EARLY DISCLOSURE OF ALL JENCKS ACT MATERIAL AND LAW IN SUPPORT THEREOF (Document No. 42) will be **GRANTED**.

An appropriate Order follows.

McVerry, J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) 2:11-cr-234 |
| | ) |
| JAMES LIGNELLI, | ) |
| **Defendant.** | |

## ORDER OF COURT

AND NOW, this 4th day of March, 2013, in accordance with the foregoing Memorandum Opinion, it is hereby ORDERED, ADJUDGED and DECREED that:

the MOTION FOR SEVERANCE OF COUNTS PURSUANT TO RULE 8(a) AND RULE 14(a) OF THE FEDERAL RULES OF CRIMINAL PROCEDURE (Document No. 31) is **DENIED**;

the MOTION FOR BILL OF PARTICULARS PURSUANT TO RULE 7(f) OF THE RULES OF CRIMINAL PROCEDURE (Document No. 33) is **DENIED**;

the MOTION TO SUPPRESS TAPES ALLEGING IMPROPERLY INDUCED CONSENT (Document No. 35) is **DENIED**;

the MOTION TO SUPPRESS STATEMENT (Document No. 37) is **DENIED**;

the MOTION FOR DISCOVERY (Document No. 39) is **GRANTED IN PART AND DENIED IN PART**;

the MOTION REQUESTING NOTICE PURSUANT TO RULE 404(b) OF THE FEDERAL RULES OF EVIDENCE (Document No. 40) is **GRANTED**;

the MOTION TO COMPEL DISCLOSURE OF PLEA BARGAINS PREFERENTIAL TREATMENT, AND PROMISES TO GOVERNMENT WITNESSES WITH CITATION OF AUTHORITIES (Document No. 41) is **GRANTED**; and

the MOTION FOR EARLY DISCLOSURE OF ALL JENCKS ACT MATERIAL AND LAW IN SUPPORT THEREOF (Document No. 42) is **GRANTED**.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc: **Paul D. Boas, Esquire**
Email: paulboas@choiceonemail.com

**Brendan T. Conway, AUSA**
Email: brendan.conway@usdoj.gov