**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | )   **2:11-cr-234** |
| v. | ) |
| | ) |
| JAMES LIGNELLI, | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are numerous motions in limine filed by Defendant James

Lignelli:  MOTION IN LIMINE REGARDING OUT-OF-COURT STATEMENTS OF

ALLEGED CO-CONSPIRATORS AND GOVERNMENT INFORMERS (ECF No. 77);

MOTION IN LIMINE TO PRECLUDE CERTAIN EVIDENCE OF UNCHARGED

CONDUCT (ECF No. 78); MOTION IN LIMINE TO PRECLUDE LAY OPINION

TESTIMONY ON PROPERTY VALUES (ECF No. 79); and MOTION IN LIMINE TO

PRECUDE EXPERT TESTIMONY AND EVIDENCE REGARDING 2010 APPRAISAL OF

993 BRODHEAD ROAD (ECF No. 80).  The government filed an omnibus response and the

motions are ripe for disposition.  Jury selection and trial is scheduled to commence on May 27,

2014.  The motions will be addressed seriatim.


Factual and Procedural Background

Lignelli is a professional real estate appraiser.  On October 25, 2011, a federal grand jury

returned a five-count indictment which has charged Lignelli with:  Count 1, Conspiracy to

commit bank fraud from February-April 2005, along with Michael Pope, Tiffany Sprouts and

others, by having prepared a fraudulent real estate property appraisal for the "Sugar Camp

Property," in violation of 18 U.S.C. § 1349; Counts 2 and 3, Bank Fraud on Bank of America

and JP Morgan Chase, respectively, resulting from the fraudulent appraisal for the "Sugar Camp

Property," in violation of 18 U.S.C. § 1344(1) and (2); Count 4, Bank Fraud on S&T Bank from

April-August 2005, along with Michael Staaf and others, by having prepared a fraudulent real

estate property appraisal for the "Perry Highway Property," in violation of 18 U.S.C. § 1344(1)

and (2); and Count 5, Conspiracy to commit bank fraud from July 2008-December 2009, along

with Michael Staaf and others, by having prepared a fraudulent real estate property appraisal for

the "Brodhead Road Property," in violation of 18 U.S.C. § 1349.


    1.   Statements of Alleged Co-Conspirators (#77)

Defendant contends that the government should be precluded from referring to out-of-

court statements made by alleged co-conspirators and informants until it has satisfied the

requirements of Rule 801(d)(2)(E).  Specifically, Defendant seeks to preclude such references

during opening statements, questions to witnesses or objections.

In *Government of Virgin Islands v. Brathwaite*, 782 F.2d 399, 403 & n.1 (3d Cir. 1986),

the Court explained that "the prosecution must lay a foundation for the admission of co-

conspirator testimony by establishing the existence of a conspiracy that included the defendant or

defendants," but noted that there is a distinction between the crime of conspiracy and the

"coconspirator exception to the hearsay rule set forth in Federal Rule of Evidence 801(d)(2)(E)."

In *United States v. Giampa*, 904 F. Supp. 235, 286 (D.N.J. 1995), the Court explained:  "a

practical evidentiary rule has developed whereby a co-conspirator's statement is conditionally

admitted into evidence, subject to the Government's obligation to prove the conspiracy's

existence and each conspirator's participation therein before the close of the Government's case."

"In the event the Government fails sufficiently to connect the defendant to the conspiracy, the "connection up" rule of admitting co-conspirator statements can lead to a mistrial." *Id*.

This procedure appears to be eminently practical in this case. In particular, it may be beneficial to the jury for the government to provide an outline of its complex evidence in this case during its opening statement. Thus, the government will be permitted to make prospective references to alleged co-conspirator statements, but it will be the government's burden to "connect up" each such statement(s) with the Defendant during the trial. In accordance with the foregoing, the MOTION IN LIMINE REGARDING OUT-OF-COURT STATEMENTS OF ALLEGED CO-CONSPIRATORS AND GOVERNMENT INFORMERS (ECF No. 77) is **DENIED**.


2. Uncharged Conduct (#78)

Lignelli seeks to preclude the government from offering evidence of uncharged conduct regarding: (1) an alleged fraudulent real estate property appraisal of Chioda's Plaza at the request of Staaf in 1999; (2) references to a trip to Florida in March 2005 with Staaf for a real estate property appraisal of the Dolphin Inn Motel, and their alleged visits to strip clubs while on that trip; and (3) a real estate property appraisal of 1505 Scenery Ridge on behalf of Pope in September 2005. Defendant contends that such evidence is neither related to the charged conspiracies, nor admissible under Rule 404(b). In the alternative, Defendant contends that such evidence should be precluded under Rule 403(b) because the danger of unfair prejudice outweighs the probative value of same. In response, the government contends that the entire, overall relationship between Staaf and Lignelli constitutes intrinsic evidence of the crimes

charged in Counts 4 and 5; and that the Scenery Ridge real estate property appraisal used the

same technique (flawed comparable properties) as the Sugar Camp real estate property appraisal.

Lignelli is not charged with a single, decade-long conspiracy. Rather, Count 1 charged a

narrow, three-month (February-April 2005) conspiracy with Pope which involved a real estate

appraisal of a single parcel of property (Sugar Camp); and Count 5 charged a separate conspiracy

with Staaf some years later (July 2008-December 2009) which involved a real estate property

appraisal of only the Brodhead Road parcel. Indeed, Defendant challenged whether these two

counts should have been charged in the same indictment. *See* ECF No. 31. The Court denied

Lignelli's motion for severance, but noted that the jury must be instructed to consider each count

separately.

The real estate property appraisal of Chioda's Plaza occurred ten years prior to the

Brodhead Road conspiracy with Staaf as alleged in Count 5 of the Indictment and the Dolphin

Inn trip to Florida occurred at least three years prior to the above-referenced appraisal.[1] The

Scenery Ridge appraisal took place <u>after</u> the conspiracy alleged in Count 1 had already ended,

and thus has limited relevance as to whether Lignelli knew that Pope was engaged in fraud

during the charged crime. In sum, the Court concludes that none of these three incidents were

within the temporal or topical scope of the crimes charged in the Indictment.

Nor is the proffered evidence admissible under Rule 404(b). Although Rule 404(b) is a

rule of inclusion, the use of "prior bad acts" evidence is sensitive and requires sensitivity and

care from prosecutors and judges alike. *United States v. Davis*, 726 F.3d 434, 442 (3d Cir.

---

[1] Although the Dolphin Inn and Perry Highway real estate property appraisals were reasonably proximate in time, the government did not charge Lignelli with conspiracy involving the Perry Highway real property, nor has it presented any direct connection between the Dolphin Inn and Perry Highway real estate property appraisals.

2013).  As recently summarized in *United States v. Alfred*, 2013 WL 4874978 (3d Cir.

September 5, 2013) (non-precedential):

> Rule 404(b) prohibits the admission of "[e]vidence of a crime, wrong, or other act ... to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). Rule 404(b), however, does permit evidence of crimes, wrongs, and other acts to be admitted to prove, among other things, knowledge or absence of mistake. *See* Fed. R. Evid. 404(b)(2). "To be admissible under Rule 404(b), evidence of uncharged crimes or wrongs must (1) have a proper evidentiary purpose; (2) be relevant; (3) satisfy Rule 403; and (4) be accompanied by a limiting instruction (where requested) about the purpose for which the jury may consider it." *United States v. Green*, 617 F.3d 233, 249 (3d Cir. 2010).

The government must clearly articulate how that evidence fits into a chain of logical inferences, no link of which may be the inference that the defendant has the propensity to commit the crime charged. *United States v. Mastrangelo*, 172 F.3d 288, 294 (3d Cir. 1999).

The Court concludes that the danger of unfair prejudice substantially outweighs the limited probative value of such evidence pursuant to Rule 403.  This evidence would -- literally -- double the scope of this trial.  Lignelli has been indicted by a grand jury for alleged misconduct involving three properties (Sugar Camp, Perry Highway and Brodhead Road).  It would unduly confuse the issues, mislead the jury and cause undue delay and waste of time to conduct additional mini-trials as to whether Lignelli performed fraudulent appraisals of three different properties, unrelated in temporal and geographic proximity (Chioda's Plaza, Dolphin Inn and Scenery Ridge).  Each appraisal was a separate engagement of Lignelli.  The evidence (and the jury) must remain focused on the three appraisals for which he faces the criminal charges in the Indictment.[2]

---

[2] For example, the jury must ultimately decide whether the comparables chosen for the Sugar Camp property (not the Scenery Ridge property) were fraudulently selected by Lignelli.

An analysis of the specific evidence proffered by the government confirms that any probative value is substantially outweighed by the potential unfair prejudice thereof. Apparently, there are no documents which are reflective of an appraisal by Lignelli of Chioda's Plaza in 1999, such that any alleged misconduct regarding an appraisal of that property can neither be confirmed nor disproven. The strip club visits appear to have occurred in the context of the Florida Dolphin Inn real estate property appraisal trip and were not related to any of the crimes charged in the Indictment. At most, the transcripts submitted by the government reflect speculation (at a meeting at which Lignelli was not present) that Staaf might offer to take Lignelli to Florida again in connection with the Brodhead Road property. But, there is no indication that such an offer was ever made to Lignelli or that such a second trip actually occurred. Thus, specific reference to the strip club visits appears to be unduly prejudicial under the circumstances.[3] As noted above, the Scenery Ridge appraisal occurred after the conspiracy alleged in Count 1 had ended such that it would not be a "prior bad act." The Court concludes that the most logical inference to be drawn from the proffered additional evidence is improper -- that Lignelli had a pattern (or propensity or character) to commit real estate property appraisal fraud.

On the other hand, the Court agrees with the government that it is probative and not unduly prejudicial for the jury to understand how the relationship between Lignelli and the alleged co-conspirators developed. Thus, the witnesses may testify generally regarding the extent and length of their relationship with Lignelli. For example, Staaf may testify that he engaged Lignelli to appraise Chioda's Plaza in 1999; that he engaged Lignelli to appraise the

---

[3] Upon review of the transcripts, the Court concludes that the strip club references can be easily omitted without disrupting the context of the conversations.

Dolphin Inn in 2005; and that they traveled together to Florida for that purpose. It is permissible for the government to argue that Staaf and Lignelli formed a closer relationship while in Florida. However, the government must confine its evidence of alleged conspiracy and fraud by Lignelli to the properties and timeframes specifically charged in the Indictment, unless Defendant "opens the door" to such rebuttal evidence.[4]

In accordance with the foregoing, Defendant's MOTION IN LIMINE TO PRECLUDE CERTAIN EVIDENCE OF UNCHARGED CONDUCT (ECF No. 78) is **GRANTED IN PART AND DENIED IN PART**.


   3. Lay Opinions Regarding Property Values (#79)

The government has proffered that seven witnesses will testify that the properties were not worth anything near to the values for which they were appraised by Lignelli. Defendant challenges the ability of these alleged co-conspirators to testify as to the values of the subject properties. Defendant contends that such testimony does not comport with Fed. R. Evid. 701 (lay opinion testimony) and that the government has failed to comply with the disclosure requirements to introduce such evidence as expert testimony under Fed. R. Evid. 702. The government contends that real estate property owners are permitted to testify regarding the value of their own property, and in the alternative, that its witnesses have particularized knowledge regarding real estate property value(s).

The government has not presented any witness-by-witness foundation to support the admissibility of such evidence. Thus, the Court is not prepared to definitively rule on the motion

---

[4] To be clear, Defendant has not sought to preclude Lignelli's appraisal of the Perry Highway property in May 2004. Although not within the timeframe charged in the Indictment, evidence of Lignelli's appraisal of the same Perry Highway property at issue in Count 4 is probative and admissible.

at this time. Such testimony may be of limited utility, nevertheless, in view of both sides having expressed an intention to offer extensive expert testimony from professional appraisers regarding real estate property value(s).

In *United States v. Wiseman*, 339 Fed. Appx. 196 (3d Cir. 2009) (non-precedential), the Court upheld the admissibility of similar evidence. In a mortgage fraud conspiracy trial, a co-conspirator property owner (Martin) had submitted a falsified appraisal to the Defendant, a mortgage lender. Martin was asked by the prosecution whether, based on his experience in the Pittsburgh area, whether the increased value reflected on the appraisal document was common. Over the Defendant's objection, Martin replied that he had never seen a property increase in value such as that. The Court rejected the Defendant's argument (similar to that presented by Lignelli) that Martin's testimony constituted a Rule 702 opinion. The Court reaffirmed the "long and widely recognized" rule that the opinion of a landowner as to the value of his land is admissible without further qualification. *Id*. at 199. Thus, if a proper foundation of ownership is established, such testimony will likely be admissible in this case. Absent such a foundation, the Court will be wary to admit such testimony. As the Court of Appeals explained in *Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153, 1175 (3d Cir. 1993), to be admissible under Rule 701, lay opinion testimony must be "well founded on personal knowledge and susceptible to specific cross-examination."

Accordingly, the MOTION IN LIMINE TO PRECLUDE LAY OPINION TESTIMONY ON PROPERTY VALUES (ECF No. 79) is **TAKEN UNDER ADVISEMENT**.

4.  Appraisal of Brodhead Road (#80)

Defendant seeks to preclude the government from introducing into evidence an appraisal of the Brodhead Road property performed by Frederick & Co. on January 20, 2010 (the "Frederick Appraisal") under Rule 403.  Defendant contends, without citation to any case law authority, that this appraisal has little probative value because it was performed "years later" and after a foreclosure sale and sheriff's sale of the property.  Defendant also contends, again without citation to authority, that disclosure of the Frederick Appraisal was untimely.

Lignelli appraised the Brodhead Road property on August 26, 2008 (approximately 16 months prior to the Frederick Appraisal).   The Court concludes that the Frederick Appraisal is probative and not unduly prejudicial.  The reasonableness of Lignelli's appraisal valuation is a key issue in this case.  Defense counsel will have a full opportunity to thoroughly cross-examine the witness regarding any changes in physical and/or market conditions which may have affected the market value of the property and the effect, if any, of the intervening foreclosure and sheriff's sale.  As the government notes, the report was provided to Defendant in advance of the deadline for expert reports.

In accordance with the foregoing, MOTION IN LIMINE TO PRECUDE EXPERT TESTIMONY AND EVIDENCE REGARDING 2010 APPRAISAL OF 993 BRODHEAD ROAD (ECF No. 80) is **DENIED**.

SO ORDERED, this 15th day of May, 2014.


BY THE COURT:


s/  Terrence F. McVerry
United States District Court Judge

cc:     **Paul D. Boas, Esquire**
        Email: paulboas@choiceonemail.com
        **Steven S. Stallings, Esquire**
        Email: ssstallings@burnswhite.com
        **Brendan T. Conway, AUSA**
        Email: brendan.conway@usdoj.gov