IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| | ) | 2:11-cr-234 |
| v. | ) | |
| | ) | |
| JAMES LIGNELLI, | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

Pending before the Court is the GOVERNMENT'S MOTION TO PRECLUDE EXPERT TESTIMONY (ECF No. 93). On May 19, 2014 Defendant James Lignelli filed a response in opposition to the motion, with the 43-page expert report of Joseph Calvanico attached. The motion is ripe for disposition.

Factual and Procedural Background

Trial is scheduled to commence on May 27, 2014. Pursuant to the case management order, the deadline for disclosures regarding expert testimony was May 12, 2014. *See* ECF No. 76 at ¶ 5).

On May 6, 2014, defense counsel provided cursory email notice to the government of Defendant's intent to call Calvanico (with a copy of Calvanico's resume attached). On May 12, 2014, Defense counsel sent a "supplemental expert disclosure and exhibits" giving notice that Defendant "may call as an expert A.J. Jamiolkowski to testify regarding lenders' appraisal review process, Mr. Lignelli's appraisals, and to rebut expert testimony from the government including the recently disclosed experts." Defendant stated that Jamiolkowski's resume would be sent under separate cover. Defense counsel's May 12 email further stated that Defendant may

call Jacob Nolte "who may provide non-expert testimony and, in addition, potentially expert testimony regarding the nature of property appraisal valuation."

Discussion

The government contends that Defendant's disclosures are inadequate. As a sanction, the government urges the Court to preclude Defendant from offering expert testimony. In response, Defendant explains that its disclosure regarding Calvanico was delayed because the government provided substantial new information on May 7, 2014 which had to be analyzed. Thus, Calvanico was not able to complete his draft report until May 19th at noon, at which time it was immediately provided to the government. Defendant notes that Calvanico will likely not testify for at least two more weeks. Defendant's response to the instant motion did not address possible expert testimony by either Jamioelkowski or Nolte, and no further disclosures were made as to either of those potential expert witnesses.

Neither party has cited to any applicable legal authority. Pursuant to Fed. R. Crim. P. 16(b)(1)(C), a defendant "must" give to the government a written summary of any testimony that the defendant intends to use under Fed. R. Evid. 702, 703 or 705 under the circumstances of this case. The government has timely provided its expert disclosures to Defendant and has requested more complete disclosures from defense counsel. Under the plain text of Rule 16(b)(1)(C), the written summary provided by Defendant must describe: (1) the witness's opinions; (2) the bases and reasons for those opinions; and (3) the witness's qualifications. *See also* Advisory Committee Notes (explaining purposes of Rule).

The Court concludes that Defendant will be permitted to present Calvanico as an expert witness at trial. Although the disclosure was not in strict compliance with this Court's trial

scheduling order, a copy of Calvanico's report has now been provided to the government and defense counsel has provided a reasonable explanation for the short delay. It would have been preferable for defense counsel to have communicated with the prosecutor and sought an extension of time from the Court in advance. Nevertheless, the Court is unable to discern sufficient prejudice to warrant exclusion of Calvanico.

Exclusion is warranted, however, as to Jamiolkowski and Nolte. Defendant has failed to comply with the Rule 16 expert disclosure obligations. The cursory email of May 12th (quoted in full above) falls far short of the disclosure required by the Rule. Moreover, in response to the government's motion, Defendant has failed to explain or justify such failure. Indeed, Defendant did not discuss Jamiolkowski or Nolte at all, and appears to have abandoned his effort to call either of them as an expert witness. Although preclusion of an expert witness is an extreme sanction, such a step is warranted to prevent prejudice and surprise to the government, where such a witness would disrupt the orderly process of trial, and where Defendant has failed to comply with the Court's scheduling order. Any attempt by Defendant to call Jamiolkowski or Nolte[1] as an expert witness at trial, after having failed to comply with Rule 16 – or to oppose the instant government motion which seeks to preclude them from testifying – would constitute unfair gamesmanship in an effort to obtain tactical advantage. *See Taylor v. Illinois*, 484 U.S. 400, 414-15 (1988); *United States v. Hoffecker*, 530 F.3d 137, 186 (3d Cir. 2008) (affirming preclusion of defendant's expert for failure to comply with Rule 16).

---

[1] Defendant may call Nolte as a fact witness. However, the Court will closely scrutinize any effort to elicit opinion testimony from Nolte.

In accordance with the foregoing, the GOVERNMENT'S MOTION TO PRECLUDE EXPERT TESTIMONY (ECF No. 93) is **GRANTED IN PART** as to Jamiolkowski and Nolte and **DENIED IN PART** as to Calvanico.

SO ORDERED, this 21st day of May, 2014.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc: **Paul D. Boas, Esquire**
Email: paulboas@choiceonemail.com
**Steven S. Stallings, Esquire**
Email: ssstallings@burnswhite.com
**Brendan T. Conway, AUSA**
Email: brendan.conway@usdoj.gov