IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | )  2:11-cr-234 |
| v. | ) |
| | ) |
| JAMES LIGNELLI, | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

During the ongoing criminal jury trial, counsel have engaged in several lengthy sidebar disputes regarding the admissibility of an appraisal report performed on the Perry Highway building by James Muri (the "Muri Appraisal"). Apparently, the Muri Appraisal report was prepared for and maintained by S & T Bank in its loan file. The document was produced by the government to Defendant shortly before trial. Defendant seeks to admit this appraisal document into evidence at trial and the government objects.

The government contends that the appraisal document contains hearsay expert opinions. In addition, the Assistant United States Attorney ("AUSA") argues that he has relied on this Court's Memorandum Order of May 21, 2014, which granted the government's motion to preclude Defendant from calling expert witnesses for which it had not provided appropriate notice. The AUSA contends that he has been prejudiced by Defendant's failure to disclose the Muri Appraisal, which he characterizes as an "expert report," prior to trial.

The Court adheres to its May 21st ruling. Defendant may not present Mr. Muri as an expert witness at trial to proffer opinion testimony to the jury. However, the admissibility of the Muri Appraisal document was not at issue in that ruling. The government never specifically

identified or referenced that document, or filed a motion to preclude its admissibility.[1]  Indeed, the Court was unaware of the existence of the Muri Appraisal until after the trial began.  Thus, the Court must determine, separately, whether the document itself is admissible.

Federal Rule of Evidence 803(6) provides an exception to the hearsay rule for "business records," i.e., documents kept in the course of regularly conducted business activities.  Rule 803(6) explicitly states that such memoranda, reports and data compilations may contain "opinions."  Such documents are admissible if they are contemporaneous in time, made by a person with knowledge, and it was the regular practice of that business activity to make that type of report.  To exclude such a document from evidence, pursuant to Rule 803(6), the opponent must show that the source of information or the circumstances of its preparation indicate a "lack of trustworthiness."  In *United States v. Licavoli*, 604 F.2d 613, 622 (9th Cir. 1979) (expert appraisal report admitted as business record), the Court explained that there are "circumstantial guarantees of trustworthiness in a record contemporaneously prepared by one who acts under a business duty of care and accuracy, particularly when the business entity for which the record is made relies on it."

As in *Licavoli*, the Muri Appraisal report appears to comport with Rule 803(6).  Apparently, it was performed contemporaneously by a business professional for S & T Bank, rather than for purposes of this litigation. Testimony has been proffered that the obtaining and reliance on such reports is a regular part of the activities of a bank or lending institution.  The government has not shown any indicia of untrustworthiness of the Muri Appraisal and its S & T

---

[1] Defendant did file a motion in limine to preclude the government from using a similar appraisal, the Frederick Appraisal, which was performed on the Brodhead Road property.  The Court denied the motion and explained that the Frederick Appraisal report was probative and admissible.  The Frederick Appraisal has been admitted into evidence.

witness appears to have relied on it.[2] Accordingly, assuming that Defendant can establish an appropriate foundation of authenticity – either through an S & T Bank representative or Mr. Muri himself – the document and the facts therein will be admissible.

Conclusion

Counsel are admonished that the lengthy sidebars have disrupted the orderly and efficient flow of the trial.  This issue could, and should, have been raised in advance of trial or prior to the trial day at 8:30 a.m., as provided in the Trial Scheduling Order.  The Court will not indulge continued lengthy sidebar conferences – counsel are instructed to raise any other anticipated evidentiary issues in advance and out of the hearing of the jury.

SO ORDERED, this 6th day of June, 2014.

BY THE COURT:

s/  Terrence F. McVerry
United States District Court Judge

cc:     **Paul D. Boas, Esquire**
Email: paulboas@choiceonemail.com
**Steven S. Stallings, Esquire**
Email: ssstallings@burnswhite.com
**Brendan T. Conway, AUSA**
Email: brendan.conway@usdoj.gov

---

[2] The probative value of the Muri Appraisal report is enhanced because the government elicited testimony regarding the subsequent sale of the property by S & T Bank, after its review of the Muri Appraisal.