# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | ) |   |
|---|---|---|
|   | ) |   |
|   | ) | 2:11-cr-234 |
| v. | ) |   |
|   | ) |   |
| JAMES LIGNELLI, | ) |   |
| Defendant. | ) |   |

## MEMORANDUM ORDER

Pending before the Court are JAMES LIGNELLI'S MOTION FOR NEW TRIAL PURSUANT TO RULE 33 (ECF No. 114) and the MOTION FOR JUDGMENT OF ACQUITTAL PURSUANT TO RULE 29(c) (ECF No. 115) filed by Defendant James Lignelli ("Lignelli"). The government filed responses in opposition to the motions (ECF Nos. 120, 121), Lignelli filed replies (ECF Nos. 122, 123) and the motions are ripe for disposition.

Factual and Procedural Background

For many years, Lignelli worked as a professional real estate appraiser. On October 25, 2011, a federal grand jury returned a five-count indictment which has charged Lignelli with: Count 1, conspiracy to commit bank fraud from February-April 2005, along with Michael Pope, Tiffany Sprouts and others, by having prepared fraudulent real estate property appraisals for the "Sugar Camp Property," in violation of 18 U.S.C. § 1349; Counts 2 and 3, bank fraud on Bank of America and JP Morgan Chase, respectively, resulting from the fraudulent appraisals for the "Sugar Camp Property," in violation of 18 U.S.C. § 1344(1) and (2); Count 4, bank fraud on S&T Bank from April-August 2005, along with Michael Staaf and others, by having prepared a fraudulent real estate property appraisal for the "Perry Highway Property," in violation of 18

U.S.C. § 1344(1) and (2); and Count 5, Conspiracy to commit bank fraud from July 2008-December 2009, along with Michael Staaf and others, by having prepared a fraudulent real estate property appraisal for the "Brodhead Road Property," in violation of 18 U.S.C. § 1349.

During a three-week jury trial, the prosecution presented the appraisal documents prepared by Lignelli, testimony from the alleged co-conspirators, testimony by unrelated fact witnesses who were familiar with the actual condition of the properties, and numerous real estate property appraisal experts. The jury found Lignelli not guilty as to Counts 1 and 5 (the conspiracy charges), and returned a verdict of guilty as to Counts 2, 3 and 4 (the bank fraud charges). The Court will address these post-trial motions seriatim.

Motion for New Trial

Federal Rule of Criminal Procedure 33(a) provides, in relevant part, that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Lignelli asks the Court to vacate the jury verdict and grant a new trial for four reasons: (1) the government did not meet its burden to establish the admissibility of testimony from alleged co-conspirators; (2) defense counsel was precluded from cross-examining Pope regarding his early release from prison pursuant to Rule 35; (3) the government improperly "bolstered" the testimony of its cooperating witnesses; and (4) the charges regarding the residential Sugar Camp property should have been severed from the charges regarding the commercial properties at Perry Highway and Brodhead Road.

Rule 33 motions are not favored and should be "granted sparingly and only in exceptional cases." *Gov't of Virgin Islands v. Derricks*, 810 F.2d 50, 55 (3d Cir. 1987). In *United States v.*

2

*Silveus*, 542 F.3d 993, 1004-05 (3d Cir. 2008) (citations omitted), the Court of Appeals for the Third Circuit explained the applicable inquiry:

> Unlike an insufficiency of the evidence claim, when a district court evaluates a Rule 33 motion it does not view the evidence favorably to the Government, but instead exercises its own judgment in assessing the Government's case. However, even if a district court believes that the jury verdict is contrary to the weight of the evidence, it can order a new trial only if it believes that there is a serious danger that a miscarriage of justice has occurred—that is, that an innocent person has been convicted.

The Court is convinced that no miscarriage of justice occurred in this case and that the jury verdict was consistent with the weight of the evidence against Lignelli.

Lignelli challenged the introduction of statements of alleged co-conspirators in a pretrial motion in limine. In denying the motion, the Court cited *United States v. Giampa*, 904 F. Supp. 235, 286 (D.N.J. 1995), and explained: "a practical evidentiary rule has developed whereby a co-conspirator's statement is conditionally admitted into evidence, subject to the Government's obligation to prove the conspiracy's existence and each conspirator's participation therein before the close of the Government's case." The Court evaluates whether the co-conspirator evidence is admissible pursuant to Rule 801(d)(2)(E) based on a preponderance of the evidence standard. *Bourjaily v. United States*, 483 U.S. 171, 176 (1987). In this case, even though the jury ultimately found Lignelli not guilty of the conspiracy charges, there was strong, independent evidence that each of the alleged conspiracies existed and that each alleged co-conspirator witness (and Lignelli) participated therein. In short, the government sufficiently "connected up" the Defendant to the conspiracies, such that mistrial is by no means warranted.

Defense counsel was permitted to vigorously cross-examine Pope regarding his lack of truthfulness, including his motivation to obtain early release from prison pursuant to Rule 35.[1] The Court did correct the misimpression that defense counsel had left with the jury that the *Court* lacked the authority to grant the Rule 35 motion, but at no time did the Court undermine counsel's substantive attack on Pope's credibility. To the contrary, in its final jury instructions the Court cautioned the jury that the testimony of Pope (and other cooperating witnesses) should be viewed with "great care and caution." Moreover, there was no miscarriage of justice. The jury apparently did not find Pope credible as to the existence of a conspiracy. The elements of the bank fraud charges at Counts 2 and 3 were proven by other evidence, including the misrepresentations in the appraisal documents themselves, and were not dependent upon any testimony from Pope.

The prosecutor did not engage in improper bolstering of the credibility of his cooperating witnesses. The case cited by Defendant, *United States v. Certified Environmental Services*, 2014 WL 2198541 * 20 (2d Cir. May 28, 2014), is distinguishable because the "bolstering" in that case occurred in disregard of several admonitions from the Court and prior to any challenge from the defendant. In this case, the prosecutor properly responded to the credibility challenges from the defense by referring to the "truth telling" provisions in the cooperation agreements -- as specifically approved in *Certified Environmental Services*. *Id*. at * 9-10; *See also United States v. Walker*, 155 F.3d 180, 187 (3d Cir. 1998) (vouching is improper if based on information not contained in the record); *United States v. Vitillo*, 490 F.3d 314, 329 (3d Cir. 2007) (prosecutors' conduct was improper because they emphasized that they had been personally present for

---

[1] In particular, the jury was aware that Pope had been convicted of fraud and had been sentenced by this member of the Court to a lengthy prison sentence.

4

witness' out-of-court confession of guilt and thus implied that such confession was credible). The jury in this case was not invited to trust the prosecutor's representations rather than to form its own assessments of credibility.

Finally, the Court adheres to its decision to deny Defendant's motion to sever trial, which was initially raised in September 2012 (ECF No. 31). As the Court explained in its Memorandum Opinion of March 4, 2013:

> Joinder of the charges in a single indictment was appropriate pursuant to Fed. R. Crim. P. 8(a) because all of the offenses are "of the same or similar character" (i.e., preparation of fraudulent appraisals). The Court recognizes that it has discretion under Fed. R. Crim. P. 14(a) to "order separate trials of counts . . . or provide any other relief that justice requires." However, after due deliberation, the Court concludes that separate trials are not needed to prevent prejudice to Lignelli in this case. The Court is confident that the jury can be properly instructed to consider each count independently.

The jury was specifically instructed to consider each count separately, and the verdict confirms that the jury did so. It found Lignelli guilty on two counts involving Pope/Sugar Camp and not guilty regarding the third Pope/Sugar Camp-related conspiracy charge. It found Lignelli guilty on one count involving Staaf and not guilty as to the other Staaf-related conspiracy charge. Having a single trial on all charges saved substantial resources and did not cause undue prejudice to the Defendant.

In summary, JAMES LIGNELLI'S MOTION FOR NEW TRIAL PURSUANT TO RULE 33 (ECF No. 114) is **DENIED**.

Motion for Acquittal

Lignelli asks the Court to overturn the jury verdict and enter a judgment of acquittal on Counts 2, 3 and 4. Federal Rule of Criminal Procedure 29(c) provides, in relevant part: "If the

5

jury has returned a guilty verdict, the court may set aside the verdict and enter an acquittal." Defendant faces a very high hurdle on this motion. The Court may not usurp the role of the jury. As explained in *Jackson v. Virginia*, 443 U.S. 307, 319 (1979), "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Emphasis in original).

When viewed in this light, the evidence of guilt on each count was substantial. Counts 2, 3 and 4 all charged Lignelli with bank fraud. Because the parties stipulated that the affected financial institutions were all federally insured, the government was required to prove only two elements: (1) that Lignelli executed a scheme or artifice to defraud a financial institution by means of material false or fraudulent pretenses, representations or promises; and (2) that he did so with the intent to defraud that financial institution.

As to the first element, the indictment alleged that Lignelli participated in a scheme or artifice to defraud by preparing real estate property appraisals that, among other allegations: (1) materially overstated the true fair market value ("FMV") of the Sugar Camp Road and Perry Highway properties; (2) misrepresented that the Sugar Camp Road property was complete, functional and able to accommodate the needs of typical buyers of larger dwellings; (3) failed to state that the Sugar Camp Road property was in the middle of construction and that the construction had not been completed; (4) overstated the occupancy level of the Perry Highway property; (5) overstated the condition of the Perry Highway property; and (6) failed to identify and state deferred maintenance problems associated with the Perry Highway property. Although the government was required to prove only one material misrepresentation as to each property, the evidence supported a finding of guilt as to multiple misrepresentations. As to Sugar Camp,

the evidence was sufficient to prove that Lignelli knowingly chose inappropriate "comparables" to support an inflated FMV; falsely stated that the renovation work had been completed; and (as to Count 3) falsely stated that the home was "occupied." The jury reasonably could have concluded that Lignelli was not an entirely innocent victim of an elaborate con job perpetrated by Pope. As to Perry Highway, the evidence supported misrepresentations as to the FMV of the building based on improper and manipulated comparables; false statements regarding the occupancy level (which affected the value determined on an income approach); and false statements regarding the physical condition of the building and deferred maintenance issues. A reasonable jury could have concluded that Lignelli knew from his tour (and/or was willfully blind) that the second floor was vacant and the roof was in disrepair and leaked. In sum, the evidence was sufficient to support the government's theory that Lignelli initially agreed to a predetermined market value and then gathered data (such as fake rent rolls and improper comparables) to fraudulently support the predetermined market value.

As to the second element, the evidence was overwhelming (and essentially undisputed as to Counts 2 and 4) that Lignelli knew that his appraisals would defraud a financial institution. As to Count 3, the evidence reflected that Lignelli prepared a slightly modified appraisal in which he represented that the Sugar Camp Road property was "occupied," as required to obtain a home equity line of credit. *Compare* Exh. JL-8 with JL-9. The jury could have disbelieved Pope's testimony that Lignelli did not know of the home equity loan application.

Although defense counsel ably points to facts which arguably may have supported a not guilty verdict, it is fundamentally the role of the jury, not the Court, to weigh the evidence. It was not unreasonable for the jury to conclude that Lignelli's conduct constituted fraud rather

7

than "mistakes," "poor choices" or "less than his best work." In summary, the government sufficiently proved Lignelli's guilt at each count of conviction.

In accordance with the foregoing, the MOTION FOR JUDGMENT OF ACQUITTAL PURSUANT TO RULE 29(c) (ECF No. 115) is **DENIED**.

Conclusion

For the reasons hereinabove set forth, the Court concludes that Lignelli is neither entitled to a new trial nor entitled to a judgment of acquittal.

SO ORDERED, this 25th day of July, 2014.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc: **Paul D. Boas, Esquire**
Email: paulboas@choiceonemail.com
**Steven S. Stallings, Esquire**
Email: ssstallings@burnswhite.com
**Brendan T. Conway, AUSA**
Email: brendan.conway@usdoj.gov