# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) 2:11-cr-234 |
| v. | ) |
| | ) |
| JAMES LIGNELLI, | ) |
|           Defendant. | ) |

## MEMORANDUM ORDER

Pending before the Court is the sealed MOTION TO RECONSIDER MOTION FOR NEW TRIAL PURSUANT TO RULE 33 REGARDING RULE 35(b) ISSUE AS A RESULT OF NEW LAW AND NEWLY DEVELOPED FACTS (ECF No. 144), with attached exhibits filed by Defendant James Lignelli ("Lignelli").[1] The government filed a response in opposition to the motion (ECF No. 148) and Lignelli filed a reply (ECF No. 151). It is ripe for disposition. The parties' numerous filings regarding sentencing factors will be addressed separately.

Factual and Procedural Background

For many years, Lignelli worked as a professional real estate appraiser. On October 25, 2011, a federal grand jury returned a five-count indictment which has charged Lignelli with: Count 1, conspiracy to commit bank fraud from February-April 2005, along with Michael Pope, Tiffany Sprouts and others, by having prepared fraudulent, inflated real estate property appraisals for the "Sugar Camp Property," in violation of 18 U.S.C. § 1349; Counts 2 and 3, bank fraud on Bank of America and JP Morgan Chase, respectively, resulting from the fraudulent, inflated appraisals for the "Sugar Camp Property," in violation of 18 U.S.C. § 1344(1) and (2); Count 4,

---

[1] Although the motion and attached exhibits must remain under seal, this Memorandum Order need not be sealed.

bank fraud on S&T Bank from April-August 2005, along with Michael Staaf and others, by having prepared a fraudulent, inflated real estate property appraisal for the "Perry Highway Property," in violation of 18 U.S.C. § 1344(1) and (2); and Count 5, Conspiracy to commit bank fraud from July 2008-December 2009, along with Michael Staaf and others, by having prepared a fraudulent real estate property appraisal for the "Brodhead Road Property," in violation of 18 U.S.C. § 1349.

During a three-week jury trial, the prosecution presented the actual appraisal documents prepared by Lignelli, testimony from alleged co-conspirators, testimony by unrelated fact witnesses who were familiar with the actual condition of the properties, and numerous real estate property appraisal experts. The jury found Lignelli not guilty as to Counts 1 and 5 (the conspiracy counts of the indictment), and returned a verdict of guilty as to Counts 2, 3 and 4 (the bank fraud counts of the indictment).

On June 25, 2014, Lignelli filed a motion for a new trial pursuant to Rule 33 and a motion for acquittal (ECF Nos. 114, 115). On July 25, 2014, the Court issued a thorough Memorandum Order which denied the motions, for the reasons set forth therein. In the instant motion – six months later – Lignelli now seeks reconsideration of one narrow aspect of the July 25 Memorandum Order.

Standard of Review

The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Cafe ex-rel Lou—Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (*citing Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985)). It is well-established that a party must overcome a high hurdle to succeed in

such a motion. A court should exercise its discretion to alter or amend its judgment only if the movant demonstrates: (1) a change in the controlling law; (2) a clear error of law or fact or to prevent manifest injustice; or (3) availability of new evidence not available when the judgment was granted. *See id*. Motions for reconsideration are not intended to provide a "second bite at the apple" or to provide a mechanism for losing parties to ask the Court to rethink its decision.

Motion for New Trial

Federal Rule of Criminal Procedure 33(a) provides, in relevant part, that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Rule 33 motions are not favored and should be "granted sparingly and only in exceptional cases." *Gov't of Virgin Islands v. Derricks*, 810 F.2d 50, 55 (3d Cir. 1987). In *United States v. Silveus*, 542 F.3d 993, 1004-05 (3d Cir. 2008) (citations omitted), the Court of Appeals for the Third Circuit explained the applicable inquiry:

> Unlike an insufficiency of the evidence claim, when a district court evaluates a Rule 33 motion it does not view the evidence favorably to the Government, but instead exercises its own judgment in assessing the Government's case. However, even if a district court believes that the jury verdict is contrary to the weight of the evidence, it can order a new trial only if it believes that there is a serious danger that a miscarriage of justice has occurred—that is, that an innocent person has been convicted.

Thus, in this case, Defendant must overcome two difficult procedural obstacles. He must point to new law or facts to justify reconsideration of the Court's previous determination that this is not the "exceptional" case that merits a new trial.

The instant motion for reconsideration is largely a restatement of arguments that were previously presented in Lignelli's initial motion for a new trial. *Compare* ECF Nos. 114 and 144. The Court has previously considered (and rejected) Lignelli's arguments that: (1) the Rule

3

35 motion for Michael Pope was improper; (2) the Court misinterpreted defense counsel's attack on the prosecution's conduct in filing the Rule 35 motion for Pope as a challenge to the Court's own authority; (3) the Court's admonishment to defense counsel in front of the jury caused him to lose credibility; and (4) Defendant was prevented from pursuing a legitimate avenue to impeach Pope. The Court has also previously considered Lignelli's argument that the Rule 35 motion for Pope was untimely. The initial motion set forth Lignelli's position as to why each of the subsections of Rule 35(b)(2) was inapplicable. *See* ECF No. 114 at 5 n.1. Thus, none of these arguments constitutes "new" information which warrants reconsideration.

The only "new" contention raised in the motion for reconsideration is that pursuant to *United States v. Baker*, 769 F.3d 1196 (10th Cir. October 14, 2014), this Court lacked jurisdiction to grant the Rule 35 motion for Pope. Upon review of Defendant's motion, *Baker*, and the cases cited therein[2], the Court remains convinced that reconsideration is not warranted; that no miscarriage of justice occurred in this case; and that the jury verdict was consistent with the weight of the evidence against Lignelli.

As an initial matter, Lignelli lacks standing to challenge the Court's ruling on the Rule 35 motion in Pope's case, Criminal Case No. 08-49. The general rule is that one cannot challenge a decision in a case to which one is not a party. *See Marino v. Ortiz*, 484 U.S. 301, 304 (1988) ("The rule that only parties to a lawsuit, or those that properly become parties, may appeal an adverse judgment, is well settled"). In *Politte v. United States*, 852 F.2d 924, 928 (7th Cir. 1988), the Court specifically held that a defendant lacks standing to challenge the decision to release an inmate (in another case), even if that inmate testified against him at trial. The Court explained

---

[2] The *Baker* Court recognized that its decision was in tension with the decisions of several district courts. There is no binding Third Circuit precedent on this issue.

4

that a district court's jurisdiction to decide a Rule 35 motion "is not a matter subject to collateral litigation." *Id*. This Court agrees with the analysis in *Politte*.

The case on which Lignelli relies, *Baker,* involved a direct appeal by the person who was named in the Rule 35 motion, in his own criminal case.[3] It does not establish a basis for Lignelli to challenge the Court's ruling on the Rule 35 motion in Pope's case. *Baker* is also distinguishable on its facts. In *Baker*, the district court made a specific factual finding that Baker's information was useful both before and after one year of sentencing. Thus, the Court concluded that Baker did not fall within the plain text of Rule 35(b)(2)(B). Here, by contrast, this Court did not make any factual finding as to when the usefulness of Pope's information began. It simply accepted the government's representation that a sentence reduction for Pope was justified beyond the one-year time limit pursuant to Rule 35(b)(2). Rule 35(b)(2)(C) appeared to be applicable because Pope was sentenced in 2009 and Lignelli was not indicted until 2011, such that Pope's testimony against Lignelli "did not become useful to the government" until more than one year after sentencing.

Even assuming, arguendo: (1) that Lignelli has standing and/or the Court may remedy its alleged lack of jurisdiction sua sponte; and (2) that Pope was not entitled to a Rule 35 reduction, the Court is not persuaded that a new trial is warranted. Even without a Rule 35 motion, Pope could have been compelled by subpoena to testify at Lignelli's trial. The fact that Pope had received a reduced sentence from the government in exchange for his testimony against Lignelli provided an additional basis for defense counsel to attack Pope's credibility. Defense counsel, in actuality, did vigorously cross-examine Pope regarding his lack of truthfulness, including his

---

[3] The Court recognizes the accuracy of Defendant's observation that Rule 35 motions are, for all practical purposes, non-adversarial such that challenges to the Court's jurisdiction are unlikely to be raised by the parties.

motivation to obtain early release from prison pursuant to Rule 35.  Most importantly, the jury acquitted Lignelli on the Sugar Camp conspiracy charge.  The testimony of Pope was of little significance to the bank fraud charges on which Lignelli was convicted.  As to Sugar Camp, Lignelli's own appraisals reflect that he knowingly chose inappropriate "comparables" to support an inflated FMV; falsely stated that the renovation work had been completed; and (as to Count 3) falsely stated that the home was "occupied."

Conclusion

For the reasons hereinabove set forth, the MOTION TO RECONSIDER MOTION FOR NEW TRIAL PURSUANT TO RULE 33 REGARDING RULE 35(b) ISSUE AS A RESULT OF NEW LAW AND NEWLY DEVELOPED FACTS (ECF No. 144) is **DENIED**.  The Court adheres to its conclusion that Lignelli is not entitled to a new trial, nor is he entitled to an evidentiary hearing on this issue.

SO ORDERED this 29th day of January, 2015.

BY THE COURT:

s/  Terrence F. McVerry
United States District Court Judge

cc:   **Paul D. Boas, Esquire**
Email: paulboas@choiceonemail.com
**Steven S. Stallings, Esquire**
Email: ssstallings@burnswhite.com
**Brendan T. Conway, AUSA**
Email: brendan.conway@usdoj.gov