# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| | ) | 2:11-cr-234 |
| v. | ) | |
| | ) | |
| JAMES LIGNELLI, | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

Pending before the Court is the MOTION FOR RELEASE PENDING APPEAL PURSUANT TO 18 U.S.C. § 3143(b) (ECF No. 171), filed by Defendant James Lignelli ("Lignelli"). The government filed a response in opposition to the motion (ECF No. 173) and Lignelli filed a reply (ECF No. 174). The motion is ripe for disposition.

Factual and Procedural Background

The facts and procedural history are well-known to the parties and will not be recited in full herein. Briefly, Lignelli was a professional real estate appraiser. On October 25, 2011, a federal grand jury returned a five-count indictment which charged Lignelli with: Count 1, conspiracy to commit bank fraud from February-April 2005, along with Michael Pope, Tiffany Sprouts and others, by having prepared fraudulent, inflated real estate property appraisals for the "Sugar Camp Property," in violation of 18 U.S.C. § 1349; Counts 2 and 3, bank fraud on Bank of America and JP Morgan Chase, respectively, resulting from the fraudulent, inflated appraisals for the "Sugar Camp Property," in violation of 18 U.S.C. § 1344(1) and (2); Count 4, bank fraud on S&T Bank from April-August 2005, along with Michael Staaf and others, by having prepared a fraudulent, inflated real estate property appraisal for the "Perry Highway Property," in

violation of 18 U.S.C. § 1344(1) and (2); and Count 5, Conspiracy to commit bank fraud from July 2008-December 2009, along with Michael Staaf and others, by having prepared a fraudulent real estate property appraisal for the "Brodhead Road Property," in violation of 18 U.S.C. § 1349. During a three-week jury trial, the prosecution presented the actual appraisal documents prepared by Lignelli, testimony from alleged co-conspirators (including Pope), testimony by unrelated fact witnesses who were familiar with the actual condition of the properties, and numerous real estate property appraisal experts. On June 11, 2014 the jury found Lignelli not guilty as to Counts 1 and 5 (the conspiracy counts of the indictment), and returned a verdict of guilty as to Counts 2, 3 and 4 (the bank fraud counts of the indictment). Lignelli remained on bond pending sentencing.

On June 25, 2014, Lignelli filed a motion for a new trial pursuant to Rule 33 and a motion for acquittal (ECF Nos. 114, 115). On July 25, 2014, the Court issued a thorough Memorandum Order which denied the motions, for the reasons set forth therein. On January 20, 2015, Lignelli sought reconsideration of the July 25, 2014 Order, which the Court denied in a written opinion. The parties vigorously disputed the Sentencing Guidelines calculation in the Presentence Investigation Report. The Court issued Tentative Findings on February 24, 2015. After numerous extensions of time, Lignelli was sentenced on April 29, 2015 to a term of imprisonment of 42 months at each of Counts 2, 3 and 4, to be served concurrently. The Court permitted Lignelli to "self-report" on June 26, 2015 unless otherwise instructed by the Bureau of Prisons ("BOP"). The Court has been informed that Lignelli has been designated by the BOP to report to FCI-Morgantown on June 16, 2015. Lignelli has filed a timely Notice of Appeal to the United States Court of Appeals for the Third Circuit.

Legal Analysis

The relevant statutory authority is 18 U.S.C. § 3143(b) (emphasis added):

> (b) Release or detention pending appeal by the defendant.--(1) Except as provided in paragraph (2), the judicial officer *shall* order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds--
>
> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; *and*
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact *likely* to result in--
>
> (i) reversal,
>
> (ii) an order for a new trial,
>
> (iii) a sentence that does not include a term of imprisonment, or
>
> (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

Thus, the Court must find that Lignelli does not present a danger to the community, that the motion is not made for the purpose of delay, that he has raised a "substantial question," and that one of the four outcomes set forth in subsection (b)(2)(B) is "likely" to result. *United States v. Miller*, 753 F.2d 19, 24 (3d Cir. 1985).[1]  Otherwise, the Court "shall" order that Lignelli be detained.

The statutory presumption is that bail pending appeal is not appropriate. As the Court of Appeals explained:

---

[1] The term "likely" does not require this Court to determine the probability of reversal. *Id.*

> Once a person has been convicted and sentenced to jail, there is absolutely no reason for the law to favor release pending appeal or even permit it in the absence of exceptional circumstances. First and most important, the conviction, in which the defendant's guilt of a crime has been established beyond a reasonable doubt, is presumably correct in law, a presumption factually supported by the low rate of reversal of criminal convictions in the Federal system. Second, the decision to send a convicted person to jail and thereby reject all other sentencing alternatives, by its very nature includes a determination by the sentencing judge that the defendant is dangerous to the person or property of others, and dangerous when sentenced, not a year later after the appeal is decided. Third, release of a criminal defendant into the community, even after conviction, destroys whatever deterrent effect remains in the criminal law.

*Id.* at 22.

To qualify as a "substantial question," the issue must be "either novel, which has not been decided by controlling precedent, or which is fairly doubtful." *Miller*, 753 F.2d at 24. In *United States v. Smith*, 793 F.2d 85, 89-90 (3d Cir.1986), the Court of Appeals for the Third Circuit clarified this definition and explained that the issue must be significant, even if there is no direct precedent. The *Smith* Court discussed two interpretations of the meaning of "substantial question" and adopted the Ninth Circuit's definition that a substantial question is one that can be characterized as "fairly debatable" as opposed to the more limited test used in the Eleventh Circuit, which concluded that a substantial question is a " 'close' question or one that very well could be decided the other way." In applying this standard, the *Smith* Court held that conviction by an eleven-member jury did not present a "substantial question" even though there was no controlling precedent and reversed the district court's order releasing the defendant on bail pending appeal.

Applying the test to the circumstances of this case, the Court will assume, arguendo, that Lignelli does not present a danger to the community, and that the appeal was not filed for the purpose of delay. Nevertheless, the Court cannot find that the appellate questions are

"substantial"; nor can it find that the appeal is "likely" to result in any of the four outcomes described in § 3143(b)(2)(B).

The instant motion rests largely on arguments that have been previously presented. The Court has considered (and rejected) Lignelli's arguments that: (1) the Rule 35 motion for Michael Pope was improper; (2) the Court misinterpreted defense counsel's attack on the <u>prosecution's</u> conduct in filing the Rule 35 motion for Pope as a challenge to the <u>Court's</u> own authority; (3) the Court's admonishment to defense counsel in front of the jury caused him to lose credibility; and (4) Defendant was prevented from pursuing a legitimate avenue to impeach Pope. The Court has also previously considered (and rejected) Lignelli's arguments regarding severance; improper vouching or bolstering of witnesses; the "willful blindness" charge; and the calculated "amount of loss" for the purpose of sentencing.

The severance motion does not present a "substantial question." The Court is convinced that Lignelli suffered no prejudice from the denial of his severance motion. The jury verdict confirmed that each alleged conspiracy was evaluated independently. Lignelli was found <u>not guilty</u> on the Brodhead Road property charge at Count 5 – the primary basis of his severance motion. Thus, there can be no reversal, new trial or reduced sentence on Count 5. Lignelli has failed to explain (and the Court cannot fathom) how his acquittal on Count 5 may have improperly influenced the jury to convict him on Counts 2, 3 or 4, none of which involved the Brodhead Road property.

The Court's ruling on the Rule 35 motion for Pope was substantively correct. Rule 35(b)(2)(C) is applicable because Pope was sentenced in 2009 and Lignelli was not indicted until 2011, such that Pope's testimony against Lignelli "did not become useful to the government" until more than one year after sentencing. In addition, as the Court explained in its January 29

Memorandum Order, Lignelli lacks standing to challenge that ruling. In sum, this does not constitute a "substantial question" which would justify bail pending appeal. In addition, none of the Pope-related appellate issues would be likely to result in any of the four outcomes set forth in subsection (b)(2)(B). The testimony of Pope was of little significance to the bank fraud charges on which Lignelli was convicted at Counts 2 and 3. As to Sugar Camp, Lignelli's own appraisals reflect that he knowingly chose inappropriate "comparables" to support an inflated FMV; falsely represented that the renovation work had been completed; and (as to Count 3) falsely stated that the home was "occupied." Thus, any error in the admission of Pope's testimony was harmless. Moreover, Pope's testimony was entirely irrelevant to the conviction at Count 4. Because Lignelli was sentenced to 42 months at each of Counts 2, 3 and 4, to run concurrently, he would still face the same prison sentence even if the convictions on Counts 2 and 3 were to be completely overturned on appeal.

Lignelli's other arguments fare no better. The Court used the Third Circuit Model Jury Instruction for "willful blindness." Lignelli's challenge thereto is not "substantial." A successful appeal on the "amount of loss" issue would not likely result in any of the four outcomes set forth in subsection (b)(2)(B). This Sentencing Guidelines dispute would not justify reversal of the underlying conviction or a new trial. As to the actual sentence, this Court expressly stated: "given the complete lack of evidence that Lignelli benefited financially in any way from the proceeds of the frauds committed by Pope and Staaf, the total amount of loss is not a particularly suitable mechanism for evaluating Lignelli's criminal conduct in this case." *See* Tentative Findings. Instead, Lignelli's sentence was based on a painstaking evaluation of the § 3553 sentencing factors, after a two-day sentencing hearing. In sum, Lignelli has failed to meet his burden to justify that he should be released pending his appeal. He shall report to commence

service of his term of imprisonment as and when scheduled and notified.

Conclusion

For the reasons hereinabove set forth, the MOTION FOR RELEASE PENDING APPEAL PURSUANT TO 18 U.S.C. § 3143(b) (ECF No. 171) is **DENIED**.

SO ORDERED this 3rd day of June, 2015.


BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge



cc: **Paul D. Boas, Esquire**
Email: paulboas@choiceonemail.com
**Steven S. Stallings, Esquire**
Email: ssstallings@burnswhite.com
**Brendan T. Conway, AUSA**
Email: brendan.conway@usdoj.gov
**US Probation Office**
**US Marshals Office**